# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

**COBY COOK**                                                                                    **PETITIONER**

**v.**                                                       **No. 1:14CV188-SA-JMV**

**FRANK SHAW**                                                       **RESPONDENT**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Coby Cook for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has moved to dismiss the petition as untimely filed under 28 U.S.C. § 2244(d)(2). Cook has not responded, and the time to do so has expired. The matter is ripe for resolution. For the reasons set forth below, the State's motion to dismiss will be granted and the instant petition for a writ of *habeas corpus* dismissed as untimely filed.

### Facts and Procedural Posture

Cody Cook pled guilty to armed robbery in the Circuit Court of Webster County, Mississippi, and, on June 20, 2011, was sentenced to serve a term of twenty years in the custody of the Mississippi Department of Corrections. By statute, there is no direct appeal from a guilty plea. *See* Miss. Code Ann. § 99-35-101.

On December 18, 2011, Cook signed a "Motion for Post-Conviction Collateral Relief" and "Motion for Record and Transcripts," which were filed in Webster County Cause No. 2012-7-CV-L. These motions were denied by orders entered February 8, 2012. The Mississippi Supreme Court's docket, as available on that court's website, does not reflect any attempt by Cook to appeal the trial court's denial of his post-conviction motion. Further, the Webster County Circuit Court Clerk's Office verified that Cook did not file a notice of appeal in that case.

Cook then filed a "Motion to Withdraw Guilty Plea and Alter or Amend the Judgment of Conviction" in Webster County Circuit Court Cause No. 2012-0062-CV-L, which he signed on July 12, 2012. The trial court treated this motion as a second petition for post-conviction collateral relief and, on August 6, 2012, denied Cook's motion. Cook appealed this decision to the Mississippi Court of Appeals, which affirmed the trial court's decision on November 5, 2013. *Cook v. State*, 126 So. 3d 98 (Miss.Ct.App. 2013) (Cause No. 2012-CP-01489-COA). The state court of appeals' mandate issued on November 26, 2013.

## One-Year Limitations Period

Decision in this case is governed by 28 U.S.C. § 2244(d), which provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U. S. C. § 2244(d)(1) and (2).

Coby Cook's petition became final on the date he was sentenced on his guilty plea, June 20, 2011. As such, the deadline for Cook to seek federal *habeas corpus* relief became June 20, 2012 (June 20, 2011 + 1 year). He signed his initial post-conviction pleading before that date; as such, he is entitled to statutory tolling under 28 U.S.C. § 2244(d)(2) while that case was pending, a total of 52 days (December 18, 2011, through February 8, 2012). *See Grillete v. Warden,* 372 F.3d 65, 769 (5th Cir. 2004); *Flannagan v. Johnson*, 154 F.3d 196, 201 (5th Cir. 1998); *Davis v. Johnson*, 158 F.3d 806 (5th Cir. 1998). Hence, Cook's federal petition for a writ of *habeas corpus* was due in this court by August 13, 2012 (June 20, 2012 + 52 days).[1] Cook also enjoyed statutory tolling while his second application for post-conviction collateral relief was pending, a total of 502 days (July 12, 2012, through November 26, 2013). Therefore, Cook's federal *habeas corpus* deadline became December 30, 2013 (August 13, 2012 + 502 days).[2] The court received the instant federal petition for a writ of *habeas corpus* on October 6, 2014.

Under the "mailbox rule," the instant *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date the petitioner delivered it to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). In this case, the federal petition was filed sometime between the date it was signed on September 1, 2014, and the date it was received and stamped as "filed" in the district court on October 6, 2014. Giving the petitioner

---

[1] The actual date, August 11, 2012, fell on a Saturday. As such, the court has used the date on the next available business day, Monday, August 13, 2012.

[2] The actual date, December 28, 2013, fell on a Saturday. As such, the court has used the date of the next available business day, Monday, December 30, 2013.

the benefit of the doubt by using the earlier date, the instant petition was filed 245 days after the December 30, 2013, filing deadline. The petitioner does not allege any "rare and exceptional" circumstance to warrant equitable tolling. *Ott v. Johnson,* 192 F.3d 510, 513-14 (5th Cir. 1999). The instant petition will thus dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this the 10th day of February, 2015.

 /s/ Sharion Aycock
 **U.S. DISTRICT JUDGE**