**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

**COBY COOK**                                                                                      **PETITIONER**

**v.**                                                              **No. 1:14CV188-SA-JMV**

**FRANK SHAW**                                                              **RESPONDENT**

**ORDER DENYING PETITIONER'S MOTION [16]
FOR RELIEF FROM JUDGMENT OR ORDER**

This matter comes before the court on the petitioner's motion [16] for reconsideration of the court's February 10, 2015, memorandum opinion and final judgment dismissing the instant petition for a writ of *habeas corpus* as untimely filed. The court interprets the motion, using the liberal standard for *pro se* litigants set forth in *Haines v. Kerner*, 404 U.S. 519 (1972), as a motion to amend judgment under Fed. R. Civ. P. 59(e). An order granting relief under Rule 59(e) is appropriate when: (1) there has been an intervening change in the controlling law, (2) where the movant presents newly discovered evidence that was previously unavailable, or (3) to correct a manifest error of law or fact. *Schiller v. Physicians Res. Grp. Inc.,* 342 F.3d 563, 567 (5th Cir. 2003). The State has responded to the motion, and the matter is ripe for resolution.

**Equitable Tolling**

Cook argues that the court should accept the instant petition for a writ of *habeas corpus* as timely under the doctrine of equitable tolling. "The doctrine of equitable tolling preserves a [petitioner's] claims when strict application of the statute of limitations would be inequitable." *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir.2000) (per curiam) (internal quotations omitted). The one-year limitations period of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") in 28 U.S.C. § 2255(f) is not jurisdictional; thus, it is subject to equitable tolling.

*United States v. Wynn*, 292 F.3d 226, 230 (5th Cir.2002). For this reason, a district court may toll the AEDPA limitations period. *Id.* at 229–30.

The decision regarding whether to apply equitable tolling turns on the facts and circumstances of each case. *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir.2000); *see also Alexander v. Cockrell*, 294 F.3d 626, 628 (5th Cir.2002) (per curiam). However, a court may apply equitable tolling only "in rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998); *see also Minter v. Beck,* 230 F.3d 663, 666–67 (4th Cir.2000) ("[E]quitable tolling of the AEDPA's one year limitation period is reserved for those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result.") (quotation omitted).

In addition, the petitioner bears the burden of establishing that equitable tolling is warranted. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.), modified on reh'g, 223 F.3d 797 (2000) (per curiam). In order to satisfy his burden, the petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" of timely filing his § 2255 motion. *Lawrence v. Florida*, 549 U.S. 327, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007).

As set forth in the court's February 10, 2015, memorandum opinion, the deadline for Cook to seek federal *habeas corpus* relief expired on December 30, 2013. Cook alleges that his legal materials were confiscated in "early November 2013" and not returned to him. According to Cook, the confiscated property included a substantially complete petition for a writ of *habeas corpus* under 28 U.S.C. § 2254, that he intended to file within two days of its early November confiscation. If he had done so, his *habeas corpus* petition would have been timely. Cook also

argues that, after his property was confiscated, he was transferred repeatedly and never had a chance to retrieve his property, as it appears to have gotten lost during the many transfers. Cook states that he was "without property from November 2013, until April 2014." He also alleges that he did not have access to the Mississippi Department of Corrections Inmate Legal Assistance Program during that time.

However, in its response, the State presented proof that during a shakedown on November 15, 2013, Cook was caught with a wooden shank in his possession. Though the Mississippi Department of Corrections records provided do not reflect that Cook's property was confiscated at that point, from long experience the court is aware that such confiscation is standard procedure. This appears to be the point at which Cook was placed in segregation, and it appears that he was moved at least once afterwards.

The proof available does not conclusively establish that the defendants confiscated Cook's substantially complete petition for a writ of *habeas corpus* prior to the filing deadline and did not return it. Nor does the proof establish that Cook was without access to legal assistance from the time his petition was allegedly confiscated until sometime after the filing deadline expired. However, even if Cook were to establish these facts, he would not be entitled to equitable tolling, as he has not shown that he diligently pursued his *habeas corpus* rights. Cook waited more than ten months – from December 30, 2012 (the date his conviction became final) until mid-November 2013 (when his *habeas corpus* petition was allegedly confiscated) before attempting to file his federal petition for a writ of *habeas corpus*. Such a delay does not show that Cook pursued his rights diligently; indeed, even a four-month delay is too long to show the diligent pursuit of rights sufficient to invoke equitable tolling. *See Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir.

2001)(four-month delay in pursuing post-conviction relief showed that petitioner did not pursue his rights diligently). The court's original ruling on the timeliness of Cooks *habeas corpus* petition was sound, and Cook has neither asserted nor proven any of the justifications to amend a judgment under Fed. R. Civ. P. 59(e). As such, the petitioner's request to alter or amend judgment is **DENIED.**

**SO ORDERED**, this, the 29th day of May, 2015.

                                            **/s/ Sharion Aycock**
                                            **U.S. DISTRICT JUDGE**